IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:11-CR-429 JAM |
| Plaintiff, | |
| v. | ORDER REGARDING RESTITUTION |
| WILLIAM HUGH WEYGANDT, | |
| Defendant. | |

Pursuant to the stipulation of the parties, and for good cause shown,

IT IS HEREBY ORDERED that defendant William Hugh Weygandt shall pay restitution in the total amount of $600,000 to Gulfstream Aerospace Corporation.

Pursuant to the agreement and consistent with 18 U.S.C. § 3664(f)(3)(A), and based on defendant's representations about his financial situation set forth in the Presentence Report, William Hugh Weygandt shall make partial payments according at the following specified intervals:

1. The defendant shall make an initial payment of $150,000 within 30 days following issuance of the mandate in United States v. Weygandt, Case No. 14-10356, provided his conviction is affirmed and is otherwise final as of that date.  If the case is only remanded for resentencing, the restitution order shall remain valid and in effect, and the defendant shall make payment within thirty days of such remand.  Payment shall be by cashier's or certified check made payable to the Clerk of the Court;

2. Within 12 months of the initial payment, the defendant shall pay $150,000.  Payment shall be by cashier's or certified check made payable to the Clerk of the Court;

3. Within 12 months of the second payment, the defendant shall pay $150.000.  The defendant Payment shall be by cashier's or certified check made payable to the Clerk of the Court.

4. Within 12 months of the third payment, the defendant shall pay $150,000.   Payment shall be by cashier's or certified check made payable to the Clerk of the Court.

If defendant's conviction is reversed and/or vacated on appeal in <u>United States v. Weygandt,</u> Case No. 14-10356, this Order shall be deemed null and void and defendant shall have no obligation to pay the amounts set forth above.  However, the order shall remain in effect if the case is reversed and remanded only for resentencing.  In the event the conviction is vacated, Gulfstream will not be deemed to have waived any of its rights under the MVRA, and it may pursue those rights following any retrial and conviction.

Consistent with Federal Rule of Criminal Procedure 38(e)(2), upon entry of the restitution order, the United States shall record a lien notice in the County of Placer, on the real property known as 1501 Aviation Boulevard, Lincoln, CA 95648 (the "Collateral").    The lien notice shall be in the amount of $600,100, representing the restitution amount plus the $100 assessment.  The United States shall not enforce the lien except as stated in the stipulation, provided defendant complies with the payment terms stated above.

Within 10 days of any transaction affecting the defendant's interests in the Collateral, the defendant shall notify the United States of the transaction and, within 30 days of any such transaction, the defendant shall deposit his net proceeds therefrom into the court's registry.  The defendant shall, concurrently with his deposit, provide the United States with an accounting of how the net proceeds were calculated if the deposit does not fully satisfy the unpaid portion of the defendant's restitution and assessment obligation.  If defendant's conviction is not reversed or vacated on appeal, any monies previously deposited into the court's registry shall immediately be applied towards the restitution amount and assessment. Any amounts so applied shall be credited, dollar for dollar, towards defendant's payment obligation in chronological order; i.e., credited first to the first payment due and then the second, etc.

Provided the defendant makes payments in accordance with this payment schedule, Gulfstream shall not to record an abstract of judgment or take any other steps to enforce the Court's restitution order.

The United States may petition the Court for an accelerated payment schedule if it has evidence that the defendant has other assets that were not disclosed to the Court prior to sentencing.

Pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability

STIPULATION AND ORDER RE: RESTITUTION

1    to pay restitution.  Upon receipt of the notification, the court may adjust the payment schedule.

2         The defendant shall not seek to discharge any restitution obligation or any part of such obligation

3    in any bankruptcy proceeding.

4         If defendant's conviction is reversed and/or vacated on appeal in United States v. Weygandt,

5    Case No. 14-10356, the United States shall immediately record a lien release where the original lien was

6    recorded.

7         The United States reserves all of its rights to pursue relief on behalf of Gulfstream Aerospace

8    Corporation under the MVRA in the event that the Court determines that the defendant has breached his

9    obligation to make payments consistent with the terms of this order or otherwise evaded his obligations

10   to pay the agreed upon restitution settlement amount.

11        SO ORDERED

12

13   DATED:    11/13/2014

                                              /s/ John A. Mendez_____
14                                            HON. JOHN A. MENDEZ
                                              U.S. DISTRICT COURT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28